UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                            **Case No. 6:24-cr-26-CEM-DCI**

**TIMOTHY DEAN JERNIGAN**

                **Defendant.**
                                                        /

## ORDER

THIS CAUSE is before the Court on a Report and Recommendation ("R&R," Doc. 131) issued by the United States Magistrate, recommending that the Court find Defendant competent to proceed to trial. Defendant filed an Objection ("Objection," Doc. 136), to which the United States filed a Response to Defendant's Objection ("Response," Doc. 146). The Court held an evidentiary hearing on January 28, 2026 (Doc. 147). For the reasons stated herein, the Court will overrule the Objection and adopt the recommendations in the R&R.

### I.    PROCEDURAL HISTORY

The thorough procedural history cited in the R&R will be incorporated by reference. (Doc. 131 at 1–8).

### II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Crim. P. 59(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.    THE JUNE 16, 2025 EVIDENTIARY HEARING

The Magistrate Judge held an evidentiary hearing on June 16, 2025. (Doc. 115). Dr. Sara Boyd was called as an expert witness in forensic psychology by the Defense. Several concerns regarding Dr. Boyd's credibility emerged upon review of her report and her testimony at the competency hearing. To begin with, "Dr. Boyd relied heavily upon the Defendant's school records in making her diagnosis of Intellectual Disability Disorder (IDD), but Dr. Boyd admitted she had little to no knowledge of the Florida public school system, whose records she purported to interpret, nor did she interview any educator from the Defendant's middle or high school years." (Doc. 131 at 44).

Next, Dr. Boyd dismissed the fact that Defendant guessed on the tests administered by Dr. Carmen J. Rodriguez, the clinical and forensic psychology

expert relied upon by the United States. Dr. Rodriguez conducted several tests to determine if Defendant was intentionally answering questions incorrectly. (Dr. Rodriguez Report, Doc. 120-1, at 11). These tests revealed that Defendant was "exaggerating and/or fabricating neurocognitive impairment" and contributed to Dr. Rodriguez's conclusion that it was likely that Defendant was malingering. (*Id.* at 11, 13). Dr. Boyd agreed that Defendant guessed on these tests but argued that guessing may indicate a lack of motivation or a complete lack of understanding, rather than malingering. (Hr'g Tr., Doc. 122, at 90–93). Defendant performed better on tests administered by Dr. Boyd than the ones administered by Dr. Rodriguez, which Dr. Boyd suggests was due to her professional background, the setting of the evaluations, her explanations, or some other factor. (Dr. Boyd Report, Doc. 121-2, at 10). Despite acknowledging that Defendant guessed on Dr. Rodriguez's tests, Dr. Boyd nonetheless relied on her re-scoring of an IQ test administered by Dr. Rodriguez as well as her own test results in forming her conclusion that Defendant is incompetent. (*Id.* at 10–11).

Additionally, Dr. Boyd did not mention recorded telephone calls which were discussed in Dr. Rodriguez's report. (*See generally* Doc. 121-2). According to Dr. Rodriguez, during these calls Defendant spoke about his case with no indication of altered mental status or confusion. (Doc. 120-1 at 8).

> He provided accurate information about his current status
> and information about the facility, such as telephone usage

> rules and commissary . . . He further described how he has managed inquiries regarding his charges and acknowledged the importance of not disclosing information about his charges to fellow inmates. Furthermore, the defendant demonstrated an awareness that his phone conversations were being monitored and took precaution in disclosing details relevant to his legal matter.

(*Id.* at 8–9). That is in stark contrast to Defendant's conversations with Dr. Rodriguez and Dr. Boyd, where he appeared unaware of basic information about his case, including the reason for his arrest (Doc. 120-1 at 10; Doc. 121-2 at 8). The R&R states that Dr. Boyd had Dr. Rodriguez's report when she drafted her report, but Dr. Boyd does not list Dr. Rodriguez's report in her report as a source of information. (Doc. 121-2 at 1–2). It is also worth noting that Dr. Boyd was unable to listen to the calls herself because the recordings of the calls were inadvertently destroyed. (Doc. 131 at 5 n.1).

At the competency hearing the Magistrate Judge asked Dr. Boyd to assume Dr. Rodriguez's testimony about Defendant's presentation on those calls was true and to consider whether that additional information would cause her to modify or reconsider her opinion. (Doc. 122 at 196–97). Dr. Boyd responded "no" and stated that a person with IDD could have a conversation about banal topics and sound fine. (*Id.* at 197). The Magistrate Judge responded that Dr. Rodriguez's "testimony was very clear that he was talking about things going on in his case." (*Id.* at 197–98). Dr.

Boyd insisted that this would not change her opinion and concluded, "I just don't have enough information to give an opinion about that." (*Id.* at 198).

### IV.    THE JANUARY 28, 2026 EVIDENTIARY HEARING

At the January 28, 2026 evidentiary hearing, the attorneys supplemented their filings with arguments consistent with their assertions in the Objection and Response. The Court then asked counsel for Defendant to comment on concerns the Court had over other cases involving expert testimony from Dr. Boyd.

For example, in *Commonwealth v. Shaw*, 109 Va. Cir. 356, 2022 WL 18360378 (Va. Cir. Ct. Mar. 9, 2022), Dr. Boyd testified about the mental state of a defendant who was accused of malicious concealment of a dead body. Dr. Boyd stated that the defendant had Major Depressive Disorder, Post-Traumatic Stress Disorder, and related symptoms. *Shaw*, 2022 WL 18360378, at *2. As a result of these, Dr. Boyd stated, "it is highly likely that [the defendant] became overwhelmed and did not have the ability to independently determine what to do when he found his partner's body." *Id.* Yet "Dr. Boyd was aware that the alleged facts include [the defendant] having cleaned the body with bleach, cleaned the decedent's finger nails" and having engaged in other activities meant to conceal a body. *Id.* The trial court found that Dr. Boyd's opinion was speculative and inadmissible. *Id.* at *5.

The trial court's decision to exclude Dr. Boyd's opinion was affirmed by both the Virigina Court of Appeals, 896 S.E.2d 399, 418 (Va. Ct. App. 2024), and the

Virginia Supreme Court, 914 S.E.2d 505, 516 (Va. 2025). In pertinent part, the Virginia Supreme Court said of Dr. Boyd, "[f]rom her hearing testimony, it is apparent that she reached her initial conclusions without being familiar with critical facts about the case." (*Id.* at 514).

In an employment discrimination case, the United States District Court for the Western District of North Carolina granted a motion in limine to exclude Dr. Boyd's testimony and stated, "Dr. Boyd's testimony is . . . not based on sufficient facts or data or a reliable principal or method." *Raynor v. G4S Secure Sols. (USA) Inc.*, No. 317-cv-160-CFDW-DSC, 2018 WL 662483, at *2 (W.D.N.C. Feb. 1, 2018).

The Court invited counsel for Defendant to address concerns in the current case and the cases cited by the Court with regard to Dr. Boyd's documented pattern of offering opinions with insufficient facts or data. Counsel for Defendant asked for a delay in the proceedings to collect her thoughts. Upon resuming, counsel informed the Court that she played no role in the selection of Dr. Boyd and could offer no further commentary on Dr. Boyd or the cases cited by the Court.

## V.    CONCLUSION

Simply put, Dr. Boyd's testimony is not credible. It appears that Dr. Boyd reached her conclusions without considering available pertinent information. After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal

Procedure 59, and considering Defendant's Objection, the Magistrate Judge's recommended disposition is accepted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Objection (Doc. 136) is **OVERRULED**.

2. The R&R (Doc. 131) is **ADOPTED** and made a part of this Order.

3. Defendant is competent to proceed to trial.

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record